**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
                                    (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | |
|---|---|
| 1. **Debtor's name** | ConvergeOne Government Solutions, LLC |
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Strategic Products and Services, LLC ("SPS") |
| 3. **Debtor's federal Employer Identification Number** (EIN) | 4 5 _ 3 0 7 7 5 3 8 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 350   Clark Drive <br> Number   Street | Number   Street |
| Suite 120 | P.O. Box |
| Mount Olive      NJ    07828 <br> City           State   ZIP Code | City         State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Morris <br> County | Number   Street |
| | City         State   ZIP Code |

5. **Debtor's website** (URL)   www.onec1.com

Debtor  ConvergeOne Government Solutions, LLC
        _____                    Case number (if known)_____
        Name

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding  LLP) |
| | | ☐ Other. Specify: _____ |

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☑ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | 5   1   9   1 |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | ☑ Chapter 11. *Check all that apply*: |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☑ A plan is being filed with this petition. |
| | | ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

Debtor    ConvergeOne Government Solutions, LLC                     Case number *(if known)*_____
                     Name

---

9.  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                                 MM / DD / YYYY

              District _____   When _____   Case number _____
                                                 MM / DD / YYYY

---

10.  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

     List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.   Debtor   See Rider 1                              Relationship   Affiliate

              District   Southern District of Texas          When

              Case number, if known   _____                 MM / DD / YYYY

---

11.  **Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12.  **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

     **Why does the property need immediate attention?** *(Check all that apply.)*

     ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

         What is the hazard? _____

     ☐ It needs to be physically secured or protected from the weather.

     ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

     ☐ Other _____

     **Where is the property?** _____
                                          Number          Street

                                          _____

                                          City                          State ZIP Code

     **Is the property insured?**

     ☐ No

     ☐ Yes. Insurance agency _____

              Contact name _____

              Phone _____

---

**Statistical and administrative information**

---

| Debtor | ConvergeOne Government Solutions, LLC | Case number *(if known)* _____ |
|---|---|---|
| | Name | |

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☑ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**16. Estimated liabilities (on a consolidated basis)**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☑ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/04/2024
MM / DD / YYYY

✘ /s/ Salvatore Lombardi                             Salvatore Lombardi
Signature of authorized representative of debtor         Printed name

Title  Chief Financial Officer

---

Debtor      ConvergeOne Government Solutions, LLC          Case number (if known)_____
            Name

**18. Signature of attorney**      ✖ /s/ Charles R. Koster                    Date    04/04/2024
                                      Signature of attorney for debtor                MM  / DD  / YYYY

                                   Charles R. Koster
                                   Printed name
                                   White & Case LLP
                                   Firm name
                                   609        Main Street, Suite 2900
                                   Number       Street
                                   Houston                                 TX          77002
                                   City                                    State       ZIP Code
                                   (713) 496-9700                          charles.koster@whitecase.com
                                   Contact phone                           Email address

                                   24128278                                TX
                                   Bar number                              State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

         Southern District of Texas

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

      On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of ConvergeOne Holdings, Inc.

- AAA Network Solutions, Inc.
- ConvergeOne Dedicated Services, LLC
- ConvergeOne Government Solutions, LLC
- ConvergeOne Holdings, Inc.
- ConvergeOne Managed Services, LLC
- ConvergeOne Systems Integration, Inc.
- ConvergeOne Technology Utilities, Inc.
- ConvergeOne Texas, LLC
- ConvergeOne Unified Technology Solutions, Inc.
- ConvergeOne, Inc.
- Integration Partners Corporation
- NetSource Communications Inc.
- NuAge Experts LLC
- Providea Conferencing, LLC
- PVKG Intermediate Holdings Inc.
- Silent IT, LLC
- WrightCore, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| CONVERGEONE GOVERNMENT SOLUTIONS, LLC, | ) | Case No. 24-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| ConvergeOne, Inc. | 10900 Nesbitt Avenue South Bloomington, MN 55437 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| CONVERGEONE GOVERNMENT SOLUTIONS, LLC, | Case No. 24-_____(___) |
| Debtor. | |

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any  class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| ConvergeOne, Inc. | 100% |

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   ConvergeOne Holdings, Inc., *et al.* |
| United States Bankruptcy Court for the:      Southern District of Texas |
| Case Number (If known):     TBD |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | INGRAM MICRO INC 1759 WEHRL DR WILLIAMSVILLE, NY  14221 | CONTACT: TIM HORNEF PHONE: 954-778-5244 TIM.HORNEF@INGRAMMICRO.COM | TRADE DEBT | | | | $39,783,078.85 |
| 2 | SCANSOURCE COMMUNICATIONS 6 LOGUE COURT GREENVILLE, SC  29615 | CONTACT: GARNER BASS PHONE: 913-499-4209 GARNER.BASS@SCANSOURCE.COM | TRADE DEBT | | | | $21,216,504.95 |
| 3 | GENESYS CLOUD SERVICES, INC. 2001 JUNIPERO SERRA BLVD DALY CITY, CA  94014 | CONTACT: BRANDON WARREN PHONE: 303-250-2133 BRANDON.WARREN@GENESYS.COM | TRADE DEBT | | | | $13,210,797.73 |
| 4 | CISCO SYSTEMS CAPITAL CORPORATION 170 W. TASMAN DRIVE SAN JOSE, CA  95134 | CONTACT: DAVE WOOSTER PHONE: 410-309-5521 DAWOOSTE@CISCO.COM; CSCC-AMERICAS-NOTICE@CISCO.COM | TRADE DEBT | | | | $5,154,088.59 |
| 5 | ARROW ENTERPRISE COMPUTING SOLUTIONS INC 9151 E PANORAMA CIRCLE CENTENNIAL, CO  80112 | CONTACT: EILEEN OBRIEN PHONE: 720-235-2430 EOBRIEN@ARROW.COM | TRADE DEBT | | | | $4,546,900.47 |
| 6 | CARAHSOFT TECHNOLOGY CORPORATION 11493 SUNSET HILLS ROAD SUITE 100 RESTON, VA  20190 | CONTACT: SHANNON LEVINSOHN PHONE: 703-2307548 SHANNON.LEVINSOHN@CARAHSOFT.COM | TRADE DEBT | | | | $3,964,945.81 |
| 7 | PURE STORAGE 2555 AUGUSTINE DR SANTA CLARA, CA  95054 | CONTACT: TRAVIS WORDEN PHONE: 913-220-3013 TWORDEN@PURESTORAGE.COM | TRADE DEBT | | | | $2,033,052.33 |

Debtor: **ConvergeOne Holdings, Inc.,** *et al.*                    Case Number (if known):   TBD

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8  INCONTACT, INC. DBA NICE INCONTACT<br>DBA NICE INCONTACT<br>75 WEST TOWNE RIDGE PKWY TOWER1<br>SANDY, UT  84070-5522 | CONTACT: TRISTAN ADMUNDSON<br>TRISTAN.AMUNDSON@NICE.COM | TRADE DEBT | | | | $1,739,122.05 |
| 9  BLACKBERRY CORPORATION<br>3001 BISHOP DRIVE #400<br>SAN RAMON, CA  94583 | CONTACT: ROB PHILLIPS<br>PHONE: 760-470-0494<br>ROPHILLIPS@BLACKBERRY.COM | TRADE DEBT | | | | $1,677,279.34 |
| 10  AVAYA<br>350 MT KEMBLE AVENUE<br>MORRISTOWN, NJ  07960 | CONTACT: ANDREW SCHOBER<br>PHONE: 972-745-5225<br>ASCHOBER@AVAYA.COM | TRADE DEBT | | | | $962,233.44 |
| 11  INTRADO LIFE & SAFETY SOLUTIONS CORP<br>1601 DRY CREEK DRIVE<br>LONGMONT, CO  80503 | CONTACT: VANESSA HEARN<br>PHONE: 514-831-0609<br>VHEARN@INTRADO.COM | TRADE DEBT | | | | $913,031.56 |
| 12  CALABRIO INC<br>ATTN: ACCOUNTS RECEIVABLE<br>241 NORTH 5TH AVENUE, SUITE 120<br>MINNEAPOLIS, MN  55401 | CONTACT: JAYME KIESTER<br>PHONE: 317-501-8758<br>JAYME.KIESTER@CALABRIO.COM | TRADE DEBT | | | | $907,292.11 |
| 13  VERKADA INC<br>406 E 3RD AVE<br>SAN MATEO, CA  94401 | CONTACT: SHAUNA MONTGOMERT<br>PHONE: 303-204-5710<br>SHAUNA.MONTGOMERY@VERKADA.COM | TRADE DEBT | | | | $755,889.80 |
| 14  FIVE9 INC<br>1801 W OLYMPIC BLVD<br>FILE 2361<br>PASADENA, CA  91199-2361 | CONTACT: KEITH BUTLER<br>PHONE: 678-451-3020<br>KEITH.BUTLER@FIVE9.COM | TRADE DEBT | | | | $713,970.96 |
| 15  NECTAR SERVICES CORP<br>366 N BROADWAY, SUITE 201<br>ATTN:  ANTHONY FERNANDEZ<br>JERICO, NY  11753 | CONTACT: JAMIE RYAN<br>PHONE: 516-250-3957<br>JRYAN@NECTARCORP.COM | TRADE DEBT | | | | $666,378.54 |
| 16  ORACLE AMERICA, INC.<br>500 ORACLE PARKWAY<br>REDWOOD CITY, CA  94065 | CONTACT: PATRICK GRAVES<br>PHONE: 636-497-0969<br>PATRICK.B.GRAVES@ORACLE.COM | TRADE DEBT | | | | $662,725.02 |
| 17  TACTICAL DIGITAL CORP<br>6200 ROLLING RD STE 2652<br>SPRINGFIELD, VA  22152 | CONTACT: DANIEL BRADLEY<br>PHONE: 703-229-6236<br>DANIEL.BRADLEY@TACDIG.COM | TRADE DEBT | | | | $626,941.77 |
| 18  NUANCE INCORPORATED<br>8416 CAREFREE CIRCLE<br>INDIANAPOLIS, IN  46236 | CONTACT: JULIE PRATT<br>PHONE: 346-218-8081<br>JULIEPRATT@MICROSOFT.COM | TRADE DEBT | | | | $582,699.80 |
| 19  OPEN TEXT INC<br>2950 SOUTH DELAWARE STREET<br>SAN MATEO, CA  94403 | CONTACT: KAROL WALDRON<br>PHONE: 520-305-0211<br>KWALDRON@OPENTEXT.COM | TRADE DEBT | | | | $568,652.64 |

Debtor:  **ConvergeOne Holdings, Inc.,** *et al.*                                    Case Number  (if known):   TBD

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | INTELEPEER CLOUD CONMMUNICATIONS LLC 1855 GRIFFIN RD STE A200 DANIA BEACH, FL 33004 | CONTACT: JEREMY JONES PHONE: 585-283-6156 JJONES@INTELEPEER.COM | TRADE DEBT | | | | $559,324.01 |
| 21 | HYPER 30 MEDICAL LLC UNITED CAPITAL FUNDING CORP PO BOX 31246 TAMPA, FL 33631-3246 | CONTACT: GERMAN PALACIOS PHONE: 727-489-3044 GPALACIOS@H30D.COM | TRADE DEBT | | | | $538,397.06 |
| 22 | AKAMAI TECHNOLOGIES, INC. 145 BROADWAY CAMBRIDGE, MA 02142 | CONTACT: SEAN O'MAHONY PHONE: 469-964-4558 SEANO@AKAMAI.COM | TRADE DEBT | | | | $527,125.46 |
| 23 | SWAMPFOX TECHNOLOGIES INC 1337 ASSEMBLY STREET COLUMBIA, SC 29201 | CONTACT: BOB COOPER PHONE: 803-451-4545 BOB.COOPER@SWAMPFOXINC.COM | TRADE DEBT | | | | $512,719.32 |
| 24 | SUMMER SOLUTIONS INC 4 WINDSONG WAY HOPKINTON, MA 01748 | CONTACT: ROGER SKIDMORE PHONE: 713-893-9110 RSKIDMORE@ASASOLUTIONS.COM | TRADE DEBT | | | | $507,431.10 |
| 25 | OMILIA NATURAL LANGUAGE SOLUTIONS LTD GLADSTONOS 55 ROUSSOS CENTER POINT 3RD FLOOR, OFFICE 3C-3D LIMASSOL 3040 CYPRUS | CONTACT: QUINN AGEN PHONE: 647-361-0741 QUINN.AGEN@OMILIA.COM | TRADE DEBT | | | | $494,422.50 |
| 26 | MUTARE SOFTWARE 2325 HICKS RD ROLLING MEADOWS, IL 60008 | CONTACT: VICKI SIDOR PHONE: 859-979-1339 VSIDOR@MUTARE.COM | TRADE DEBT | | | | $469,905.84 |
| 27 | WATERFIELD TECHNOLOGIES ONE WEST THIRD STREET SUITE 1115 TULSA, OK 74103 | CONTACT: CRYSTAL COUTURIER PHONE: 918-236-0214 CRYSTAL.COUTURIER@WATERFIELD.COM | TRADE DEBT | | | | $465,857.50 |
| 28 | VERIGENT, LLC 10115 KINCEY AVE SUITE 250 HUNTERSVILLE, NC 28078 | CONTACT: TODD MERK PHONE: 704-658-3278 TMERK@VERIGENT.COM | TRADE DEBT | | | | $454,014.84 |
| 29 | IT NETWORK CONSULTANTS, LLC #1130 2321 SIR BARTON WAY SUITE 140 LEXINGTON, KY 40509 | CONTACT: TINA MCCOLLUM PHONE: 859-963-1911 TMCCOLLUM@ITNC.BIZ | TRADE DEBT | | | | $443,623.76 |
| 30 | SHI INTERNATIONAL CORP C/O OFFICE OF THE GENERAL COUNSEL 290 DAVIDSON AVENUE SOMERSET, NJ 08873 | CONTACT: CRYSTAL SCHULZ CRYSTAL_SCHULTZ@SHI.COM | TRADE DEBT | | | | $438,710.72 |

**Fill in this information to identify the case and this filing:**

Debtor Name _____ ConvergeOne Government Solutions, LLC

United States Bankruptcy Court for the: _____ Southern _____ District of _____ Texas
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration List of Equity Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 04/04/2024 _____          ✖ /s/ Salvatore Lombardi
MM / DD / YYYY                          Signature of individual signing on behalf of debtor

Salvatore Lombardi
Printed name

Chief Financial Officer
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS RESOLUTIONS**
**OF THE BOARDS OF DIRECTORS, BOARDS OF MANAGERS, SOLE**
**SHAREHOLDERS, AND SOLE MEMBERS OF THE COMPANIES LISTED BELOW**

| | |
|---|---|
| **AAA NETWORK SOLUTIONS, INC.** | **CONVERGEONE DEDICATED SERVICES, LLC** |
| **CONVERGEONE GOVERNMENT SOLUTIONS, LLC** | **CONVERGEONE HOLDINGS, INC.** |
| **CONVERGEONE MANAGED SERVICES, LLC** | **CONVERGEONE SYSTEMS INTEGRATION, INC.** |
| **CONVERGEONE TECHNOLOGY UTILITIES, INC.** | **CONVERGEONE UNIFIED TECHNOLOGY SOLUTIONS, INC.** |
| **CONVERGEONE TEXAS, LLC** | **CONVERGEONE, INC.** |
| **INTEGRATION PARTNERS CORPORATION** | **NETSOURCE COMMUNICATIONS INC.** |
| **NUAGE EXPERTS LLC** | **PROVIDEA CONFERENCING, LLC** |
| **PVKG INTERMEDIATE HOLDINGS INC.** | **SILENT IT, LLC** |
| **WRIGHTCORE, INC.** | |

**April 2, 2024**

The undersigned, being (i) all of the directors, (ii) all of the managers, (iii) the sole shareholder, or (iv) the sole member, as the case may be (in each case, the "**Governing Body**") of each of the companies listed above (each, a "**Company**" and collectively, the "**Companies**"), acting pursuant to the certificate of incorporation and bylaws or similar governing documents of each Company, as applicable, and the applicable laws of the jurisdiction in which such Company is organized, do hereby consent to, adopt and approve, by written consent, the following resolutions (the "**Resolutions**"):

WHEREAS, each Governing Body has reviewed and considered the financial and operational condition of their respective Company and of the Companies as a whole, including (which word, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without limitation") the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, and relevant industry and credit market conditions, and have considered various alternatives in respect of such matters;

WHEREAS, each Governing Body has received, reviewed, and considered the recommendations of, and the materials presented by, the senior management of its applicable Company and such Company's legal, financial, and other outside professional advisors as to the financial condition of the Companies and the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "**Bankruptcy Code**");

WHEREAS**,** the intention of each Governing Body is to use the Bankruptcy Code to implement a plan of reorganization and to emerge with an improved financial position and more sustainable capital structure;

WHEREAS**,** the Governing Bodies have reviewed and considered (i) the Companies' need to undertake the restructuring transactions set forth in that certain restructuring support agreement (as may be amended, modified, or supplemented from time to time, the "**Restructuring Support Agreement**"), (ii) that certain joint chapter 11 prepackaged plan of reorganization for each Company, reflecting the terms set forth in the Restructuring Support Agreement (as may be amended, modified, or supplemented from time to time, the "**Plan**") and that certain disclosure statement supporting the Plan (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**") under the provisions of the Bankruptcy Code in accordance with the milestones set forth in the Restructuring Support Agreement, (iii) commencement of solicitation of the Plan pursuant to section 1125(g) of the Bankruptcy Code, (iv) entry into and performance under the DIP Documents, as defined herein, (v) entry into that certain equity backstop commitment agreement, dated on or about the date hereof (as may be amended, modified, or supplemented from time to time, the "**Backstop Commitment Agreement**"), which, among other things, authorizes each Company to issue new common stock pursuant to the terms set forth therein, and (vi) filing of a voluntary petition for relief for each Company under the Bankruptcy Code pursuant to applicable law and in accordance with the requirements of each Company's governing documents and applicable law (together with the transactions contemplated by the Restructuring Support Agreement and incorporated in the Plan and Disclosure Statement, the **"Restructuring Matters"**), and have determined that it is in the best interests of each Company, its equity holders, its creditors as a whole, and other parties in interest for the Companies to enter into the Restructuring Support Agreement;

WHEREAS, each Governing Body, having reviewed and considered (i) the presentations by the Companies' management and the legal and financial advisors of the Companies regarding the liabilities and liquidity of the Companies, the strategic alternatives available to them, and the impact of the foregoing on each Company's businesses; (ii) entry into the Restructuring Support Agreement; (iii) entry into and performance under the DIP Documents, as defined herein; and (iv) the filing of a voluntary petition for relief for each Company under the Bankruptcy Code pursuant to applicable law and in accordance with the requirements of each Company's governing documents and applicable law;

WHEREAS, each Governing Body has reviewed and considered the Companies' collective need for financing in connection with the chapter 11 cases under the Bankruptcy Code, and has determined that it is in the best interests of each Company, its equity holders, its creditors as a whole, and other parties in interest for the Companies to enter into the ABL DIP Credit Agreement and the Term DIP Credit Agreement (each as defined below) and one or more related agreements and amendments thereto with the financial institutions from time to time party thereto, pursuant to which the Companies will obtain post-petition debtor in possession financing to fund their chapter 11 cases and grant the liens required thereby;

WHEREAS, the Restructuring Support Agreement provides that it can be terminated if each Governing Body determines, upon advice of counsel, that proceeding with the transactions

contemplated thereby would be inconsistent with the exercise of its fiduciary duties or appliable law;

WHEREAS, each Governing Body has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company; and

NOW, THEREFORE, IT IS HEREBY RESOLVED, that, pursuant to the applicable governing documents of each Company, each Governing Body does hereby adopt the following the resolutions:

**Restructuring Support Agreement, Plan, Disclosure Statement, Solicitation, and Chapter 11 Filing**

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest, that each Company finalize, execute, and deliver the Restructuring Support Agreement, subject to any necessary modifications and final negotiations consistent with these Resolutions and, in accordance with the requirements in each Company's governing documents and applicable law, hereby consents to, authorizes and approves, the entry into the Restructuring Support Agreement;

RESOLVED, that in the business judgment of each Governing Body, the form, terms, and provisions of the Restructuring Support Agreement, and the agreements and transactions contemplated by the Restructuring Support Agreement be, and hereby are, in all respects, authorized and approved;

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest that each Company commence solicitation of the Plan, pursuant to section 1125(g) of the Bankruptcy Code and, in accordance with the requirements in each Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the commencement of solicitation of the Plan;

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest, that each Company files or causes to be filed voluntary petitions for relief (the "**Bankruptcy Petitions**") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions; and

RESOLVED, that any director or other duly appointed officer of each Company (collectively, the "**Authorized Persons**"), which shall include the Chief Executive Officer, Chief Financial Officer, Chief Revenue Officer, or General Counsel, shall be, and each of them

individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain relief in support of or related to the Restructuring Matters, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each Company's or any of its subsidiaries' businesses;

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its creditors, and other parties in interest that the Authorized Persons file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions that the Governing Bodies deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

RESOLVED, that each Authorized Person be, and hereby is, authorized, empowered, and directed, together with the financial and legal advisors of the Companies, to file all other documents as each, in his or her discretion, may deem necessary or desirable to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to, and modifications of, the Plan and the Disclosure Statement; and

RESOLVED, that each Authorized Person be, and hereby is, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plans if confirmed by the Bankruptcy Court.

**Retention of Professionals**

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to employ on behalf of each Company: (i) the law firm of White & Case LLP as general bankruptcy counsel; (ii) Evercore Group LLC as investment banker; (iii) AlixPartners, LLP as restructuring advisor; (iv) Grant Thornton LLP as tax services provider; (v) Epiq Bankruptcy Solutions LLC, as notice, claims, and balloting agent; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any other applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons be, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such professionals; and

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications,

pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these Resolutions.

**Use of Cash Collateral, Debtor in Possession Financing, and Adequate Protection**

WHEREAS, reference is made to that certain Amended and Restated ABL Credit Agreement, dated January 4, 2019, by and among ConvergeOne Holdings, Inc., PVKG Intermediate Holdings Inc., the additional subsidiary borrowers thereto, the lenders and issuing banks party thereto, and Wells Fargo Commercial Distribution Finance, LLC, in its capacity as administrative agent, collateral agent, floorplan funding agent, and swing line lender, as amended, amended and restated, supplemented, or otherwise modified from time to time (the "**ABL Credit Agreement**");

WHEREAS, reference is made to that certain First Lien Term Loan Credit Agreement, dated January 4, 2019, by and among ConvergeOne Holdings, Inc., PVKG Intermediate Holdings Inc., the lender parties thereto, and Deutsche Bank AG New York Branch, in its capacity as administrative agent and collateral agent, as amended, amended and restated, supplemented, or otherwise modified from time to time (the "**First Lien Credit Agreement**");

WHEREAS, reference is made to that certain First Lien Senior Secured Note Purchase Agreement, dated July 10, 2020, by and among ConvergeOne Holdings, Inc., PVKG Intermediate Holdings Inc., certain affiliates of Kennedy Lewis Investment Management LLC as holders party thereto, and Deutsche Bank Trust Company Americas, in its capacity as administrative agent and collateral agent, as amended, amended and restated, supplemented, or otherwise modified from time to time (the "**KL Note Purchase Agreement**");

WHEREAS, reference is made to that certain Amended Promissory Note and Purchase and Cashless Exchange Agreement, dated July 6, 2023, by and among ConvergeOne Holdings, Inc., and PVKG Investment Holdings, Inc., as holder and administrative agent, as amended, amended and restated, supplemented, or otherwise modified from time to time (the "**PVKG Note Purchase Agreement**");

WHEREAS, reference is made to that certain Second Lien Term Loan Credit Agreement, dated January 4, 2019, by and among ConvergeOne Holdings, Inc., PVKG Intermediate Holdings Inc., the lender parties thereto, and UBS AG, Stamford Branch, in its capacity as administrative agent and collateral agent, as amended, amended and restated, supplemented, or otherwise modified from time to time (the "**Second Lien Credit Agreement**" and, together with the ABL Credit Agreement, the First Lien Credit Agreement, the First Lien Notes Purchase Agreement, and the First Lien Promissory Note, the "**Prepetition Financing Documents**");

NOW, THEREFORE, IT IS HEREBY

RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for the holders of certain Company obligations (such holders, the "**Prepetition Secured Parties**") under the Prepetition Financing

Documents; and (ii) the incurrence of debtor in possession financing obligations (the "**DIP Financing**") by entering into (a) that certain senior secured superpriority priming debtor-in-possession asset-based revolving credit facility (the "**ABL DIP Facility**"), subject to the terms of that certain commitment letter (the "**ABL DIP Commitment Letter**"), as reflected in that certain ABL DIP facility term sheet (the "**ABL DIP Facility Term Sheet**") and ABL DIP credit agreement (the "**ABL DIP  Credit Agreement**") governing the ABL DIP Facility, and (b) that certain senior secured superpriority debtor-in-possession facility in the form of multiple draw term loans (the "**Term DIP Facility**" and, together with the ABL DIP Facility, the "**DIP Facilities**"), as reflected in the term loan DIP term sheet (the "**Term Loan DIP Term Sheet**") and term loan DIP credit agreement (the "**Term Loan DIP Credit Agreement**") governing the Term DIP Facility;

RESOLVED, that in order to use and obtain the benefits of DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Secured Parties (the "**Adequate Protection Obligations**") as documented in a proposed interim order approving the DIP Financing and the use of Cash Collateral (the "**Financing Order**") to be submitted for approval of the Bankruptcy Court, and, to the extent that each Company is required to obtain consent from the Prepetition Secured Parties to enter into any of the DIP Documents, as defined herein, such consent has been (or will be) obtained;

RESOLVED, that in the business judgment of each Governing Body, the form, terms, and provisions of each of the instruments and documents governing the DIP Facilities listed below (collectively, the "**DIP Documents**"), and each Company's execution, delivery and performance of its obligations under the DIP Documents, including without limitation the grant of security interests under the DIP Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved:

(a)     the ABL DIP Commitment Letter;

(b)     the ABL DIP Facility Term Sheet;

(c)     the ABL DIP Credit Agreement;

(d)     the Term DIP Loan Term Sheet;

(e)     the Term DIP Credit Agreement;

(f)     any promissory note executed by any Company in connection with the DIP Facilities;

(g)     any guarantee executed by any Company in connection with the DIP Facilities;

(h)     any security agreement or pledge agreement executed by any Company in connection with the DIP Facilities;

(i)     the Financing Order; and

(j)      all other certificates, instruments, and documents executed or delivered to or in favor of any of the Prepetition Secured Parties, Commitment Parties (as defined in the DIP Documents), agents, and/or any other parties under the DIP Facilities in connection with the loans made and transactions contemplated under the DIP Documents, as the same may be amended, supplemented or replaced from time to time;

RESOLVED, that to the extent applicable, each Company shall be, and is hereby, authorized to enter into the DIP Documents and incur the obligations thereunder (the "**DIP Obligations**"), and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Documents in the name and on behalf of each Company, with such immaterial changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Company, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of each Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Company, to enter into any guarantees as described or contemplated by the DIP Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of each Company and any other guarantor thereunder;

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the Financing Order, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Documents and the use of Cash Collateral in connection with the chapter 11 cases, which agreements may require each Company to grant liens and other adequate protection to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, each Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which each Company is or will be party or any order entered into in connection with the chapter 11 cases, including a final order approving the DIP Financing and the use of Cash Collateral (together with the DIP Documents and the Financing Order, collectively, the "**Financing Documents**") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on its assets to secure such obligations; and

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

**Backstop Commitment Agreement**

WHEREAS, the Company has negotiated the Backstop Commitment Agreement;

WHEREAS, the Company intends to effectuate a rights offering (the "**Rights Offering**"), pursuant to which the Company will distribute to each eligible offeree rights to subscribe for and acquire its pro rata share of shares of new common stock pursuant to the terms set forth in the Backstop Commitment Agreement and the related procedures set forth therein.

WHEREAS, the Company will obtain benefits from the Backstop Commitment Agreement and the Rights Offering, and it is advisable and in the best interests of the Company to enter to the Backstop Commitment Agreement, including the Rights Offering, and to perform its obligations thereunder.

NOW, THEREFORE, IT IS HEREBY

RESOLVED, that the form, terms, and provisions of the Backstop Commitment Agreement, and the transactions contemplated by the Backstop Commitment Agreement (including, without limitation, the issuance of stock thereunder and the Rights Offering), and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, if any, in connection therewith, be, and hereby are, authorized, adopted, and approved.

RESOLVED, in the judgment of each Governing Body, it is desirable and in the best interests of the Company (including a consideration of its creditors and other parties in interest) to finalize, execute, and deliver the Backstop Commitment Agreement and all other exhibits, schedules, attachments, and ancillary documents or agreements, including the Rights Offering, subject to appropriate modifications and final negotiations, and the Company's performance of its obligations thereunder.

## General

RESOLVED, that each Company is hereby authorized to authorize (and each Company hereby authorizes) any direct or indirect subsidiary of each Company or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or such Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons (and their designees and delegates), either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Company relating to the Restructuring Matters;

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of each Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, agreements, transactions, and certificates relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body; and

RESOLVED, that any Authorized Person (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*       *       *       *       *

[*Signature Pages Follow*]

## SECRETARY'S CERTIFICATE

The undersigned, being duly elected as General Counsel and Secretary of PVKG Intermediate Holdings Inc. ("**PVKG**"), a Delaware Corporation, hereby certifies that (i) the attached resolutions are true and correct copies of the resolutions adopted by the members of the special committee of PVKG's Board of Directors on behalf of PVKG at a meeting of PVKG's Board of Directors held on April 2, 2024; and (ii) these resolutions have not been amended or modified or superseded in any way as of the date of this Certificate.

IN WITNESS WHEREOF, I have set my hand this 2nd day of April, 2024.

By: _____
Rui Goncalves
General Counsel and Secretary

[*Signature Page to Omnibus Resolutions*]

## SECRETARY'S CERTIFICATE

The undersigned, being duly elected as General Counsel and Secretary of ConvergeOne Holdings, Inc. ("**ConvergeOne**"), a Delaware Corporation, hereby certifies that (i) the attached resolutions are true and correct copies of the resolutions adopted by the members of the special committee of ConvergeOne's Board of Directors on behalf of ConvergeOne at a meeting of ConvergeOne's Board of Directors held on April 2, 2024; and (ii) these resolutions have not been amended or modified or superseded in any way as of the date of this Certificate.

IN WITNESS WHEREOF, I have set my hand this 2nd day of April, 2024.

By: _____
Rui Goncalves
General Counsel and Secretary

[*Signature Page to Omnibus Resolutions*]

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**CONVERGEONE HOLDINGS, INC., THE SOLE SHAREHOLDER OF:**

**CONVERGEONE, INC.**

By: _____

Rui Goncalves
General Counsel and Secretary

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**CONVERGEONE, INC., THE SOLE SHAREHOLDER OF:**

**AAA NETWORK SOLUTIONS, INC.**
**CONVERGEONE SYSTEMS INTEGRATION, INC.**
**CONVERGEONE UNIFIED TECHNOLOGY SOLUTIONS, INC.**
**INTEGRATION PARTNERS CORPORATION**
**NETSOURCE COMMUNICATIONS INC.**
**WRIGHTCORE, INC.**

By: _____
Rui Goncalves
General Counsel and Secretary

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**CONVERGEONE SYSTEMS INTEGRATION, INC., THE SOLE MEMBER OF:**

**CONVERGEONE MANAGED SERVICES, LLC**
**CONVERGEONE DEDICATED SERVICES, LLC**

By: _____
Rui Goncalves
General Counsel and Secretary

[*Signature Page to Omnibus Resolutions*]

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**CONVERGEONE UNIFIED TECHNOLOGY SOLUTIONS, INC.,
THE SOLE SHAREHOLDER OF:**

**CONVERGEONE TECHNOLOGY UTILITIES, INC.**

By: _____
Rui Goncalves
General Counsel and Secretary

[*Signature Page to Omnibus Resolutions*]

IN WITNESS WHEREOF, the undersigned has duly executed this consent as of the date first set forth above.

**CONVERGEONE, INC., THE SOLE MEMBER OF:**

**CONVERGEONE TEXAS, LLC**
**NUAGE EXPERTS LLC**
**PROVIDEA CONFERENCING, LLC**
**SILENT IT, LLC**

By: _____
Rui Goncalves
General Counsel and Secretary

[*Signature Page to Omnibus Resolutions*]

IN WITNESS WHEREOF, the undersigned have duly executed this consent as of the date first set forth above.

**THE BOARD OF MANAGERS OF:**

**CONVERGEONE GOVERNMENT SOLUTIONS, LLC**

_____
Phillip Panzarello

_____
Mary Corrado

_____
Jason Friend

*[Signature Page to Omnibus Resolutions]*

IN WITNESS WHEREOF, the undersigned have duly executed this consent as of the date first set forth above.

**THE BOARD OF MANAGERS OF:**

**CONVERGEONE GOVERNMENT SOLUTIONS, LLC**

_____

Phillip Panzarella


_____

Mary Corrado


_____

Jason Friend

*[Signature Page to Omnibus Resolutions]*

IN WITNESS WHEREOF, the undersigned have duly executed this consent as of the date first set forth above.

**THE BOARD OF MANAGERS OF:**

**CONVERGEONE GOVERNMENT SOLUTIONS, LLC**

_____
Phillip Panzarella


_____
Mary Corrado


_____
Jason Friend

*[Signature Page to Omnibus Resolutions]*